UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMPATCI MANAGEMENT SOLUTIONS,<br><br>          Plaintiff,<br><br>     v.<br><br>VENSURE HR, INC.,<br><br>          Defendant. | No.  2:17-cv-02399-KJM-AC<br><br>ORDER |

          On September 4, 2020, plaintiff Dompatci Management Solutions filed a noticed motion, styled as an *ex parte* application, to continue the trial set to begin less than two weeks later on September 15, 2020 at 9:00 A.M. Mot., ECF No. 73. Defendant Vensure HR Inc. opposed. Opp'n, ECF No. 74. The court DENIED the motion by minute order on September 9, 2020, with a written explanation to follow. Minute Order, ECF No. 78. This order explains the court's decision.

          I.     BACKGROUND

         This court issued its final pretrial order ("FPTO") on August 13, 2020, setting a bench trial for September 15, 2020. FPTO at 8, ECF No. 56. The FPTO referred the parties to a settlement conference on August 31, 2020 before Magistrate Judge Carolyn K. Delaney. *Id.* at 6. The FPTO ordered the parties to "exchange exhibits no later than twenty-eight days before trial.

1

Any objections [were] due no later than fourteen days before trial." *Id.* at 5.  The FPTO granted fourteen days for the parties to object before it became final. *Id.* at 8.  No party objected.  On August 31, 2020, the parties' attorneys attended the settlement conference via Zoom video teleconferencing, but the case did not settle.  Settlement Conf. Min., ECF No. 59.

On August 31 and September 1, 2020, plaintiff filed a series of exhibits on the docket.  ECF Nos. 60–71.  Defendant objected to the exhibits as untimely.  Obj. to Evid., ECF No. 72.

On September 4, 2020, plaintiff filed this motion to continue.  Mot.  Its counsel, David Gracia, asserts[1] he "was required to quarantine for a period of almost 4 weeks and was unable to work on this or other cases that are being handled by his office."  Mot. at 2.  He states the quarantine "was due to an exposure that happened to the Covid-19 virus," and that the Napa County health office required him to quarantine until he received the results of a COVID test.  *Id.*  "The demand for testing in Napa was backed up and made it difficult to get a timely appointment."  *Id.*  Furthermore, counsel states "it . . . took two and a half weeks in order to get the results of the test."  *Id.*  Counsel does not say whether he tested positive or negative for the virus.  *Id.*  And he did not mention a quarantine, tests, difficulty preparing for trial, or similar subjects during the parties' recent settlement conference before Judge Delaney.

## II. LEGAL STANDARD

After a district court issues a final pretrial order, it may modify that order "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  A district court should consider four factors when deciding whether to modify a final pretrial order:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Byrd v. Guess*, 137 F.3d 1126,

---

[1] The motion is written in the first person but is not verified.  Counsel does not attach a declaration to the motion.

2

1131 (9th Cir. 1998), *superseded by statute on other grounds as noted in Hunt*).[2]  "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified."  *Byrd*, 137 F.3d at 1132.

### III. DISCUSSION

#### a. Motion to Continue

Plaintiff has not demonstrated that a modification is necessary to prevent manifest injustice under the four factors listed above.

The third and fourth factors weight most heavily here.  As for the third factor, the impact of the modification, delaying the trial by four weeks at the last minute would cause unnecessary expenditures of time and money.  *See Hunt*, 672 F.3d at 617 (affirming denial of motion to modify final pretrial scheduling order filed less than three weeks before trial).  As for the fourth factor, any apparent willfulness or bad faith, plaintiff's motion is entirely silent as to how the quarantine prevented counsel from preparing for trial.  *See* Opp'n at 3.  Plaintiff's counsel was apparently capable of attending a remotely conducted settlement conference on August 31, 2020, at which he said nothing about a quarantine.  And in the days before moving to continue the trial date, plaintiff filed potential trial exhibits on the docket.  Counsel's behavior thus weighs against granting plaintiff's motion.

Relatedly, defendant asserts that bad faith is evident in plaintiff's counsel's failure to respond to an order to show cause issued nearly two years ago.  *Id.* at 4–5.  On this point, the court disagrees.  Although plaintiff's counsel did not respond to the order for ten months, he paid sanctions without comment.  *See* ECF No. 45; Receipt No. #CAE200101325.  The court thus recognizes plaintiff's counsel's compliance with the order for sanctions and discharges that order.

/////

---

[2] To modify an initial scheduling order, a moving party must demonstrate good cause, the touchstone of which is the diligence with which the moving party pursued the amendment. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  While the "manifest injustice" standard is distinct from the "good cause" standard, the requirement of diligence applies there as well; even adverse consequences for a party's ability to mount its case are not the "manifest injustice" Rule 16(e) was designed to prevent, if those consequences arise from a lack of diligence.  *WLD Investors, Inc. v. Xecom Corp.*, 35 Fed. App'x 609, 612 (9th Cir. 2002).

1  That said, counsel's history generally of noncompliance with court procedures weighs in favor of
2  denying plaintiff's current motion.
3          This leaves the first and second factors listed in *Hunt*.  These factors also weigh in
4  favor of denying the motion, although not as heavily.  It is not clear here that a delay would
5  surprise defendant with new claims or new evidence, and in that way this case is not directly
6  comparable to others in which courts have denied motions to continue the trial date.  *See, e.g.*,
7  *Hunt*, 672 F.3d at 616–17.  But plaintiff's request did come at the last minute, and it invites
8  unnecessary delays.  *See* Opp'n at 5.  Plaintiff proposes no means of mitigating this prejudice and
9  does not explain the lateness of its motion.
10         In sum, plaintiff has not demonstrated a continuance is necessary to prevent
11 manifest injustice.  A blanket assertion that counsel was unable to work while quarantining,
12 neither verified nor supported by a declaration, is insufficient in light of the history of the case
13 and counsel's recent indications of his readiness for trial.
14         b.   <u>Defendant's Objections to Evidence</u>
15         Defendant also requests that the court exclude all of plaintiff's trial exhibits.  Obj.
16 to Evid., ECF No. 72.  Defendant's primary argument is that these exhibits were not disclosed
17 until after the deadline set in the FPTO.  The FPTO is indeed a binding order, including its
18 instruction to exchange exhibits twenty-eight days before trial.  The court defers ruling on
19 defendant's objections until the first day of trial.  At that point, the court will explore defendant's
20 representation that "Plaintiff has submitted hundreds of documents previously undisclosed to
21 Defendant and there is consequently no time for Defendant to even review all of these documents
22 prior to the deadline for Objections." *Id.* at 2.
23         IV.   <u>CONCLUSION</u>
24         For the foregoing reasons, the court has DENIED plaintiff's motion to continue
25 (ECF No. 73).
26         The court cautions plaintiff that exhibits filed on the electronic docket do not form
27 part of the record of the case unless admitted at trial, and the court disregards their filing there.
28 The court also ORDERS plaintiff to refile an Exhibit List formatted with columns for the court to

note (1) whether a motion for admission into evidence has been made and (2) whether the evidence has been admitted. Plaintiff must email the courtroom deputy a Word-editable copy of this document by **September 14, 2020 at 12:00 PM**.

The court DISCHARGES the order to show cause issued on November 16, 2018. ECF No. 38; *see also* ECF No. 45.

IT IS SO ORDERED.

DATED: September 11, 2020.

CHIEF UNITED STATES DISTRICT JUDGE